## Application of REALTY ASSOCIATES SECURITIES CORPORATION.

District Court, E. D. New York.

Dec. 1, 1944.

Halpin & Keogh, of New York City (John J. Halpin and Edward S. St. John, both of New York City, of counsel), for trustees.

Hooker, Alley & Duncan, of New York City (James B. Alley and Charles R. Lowther, both of New York City, of counsel), for debtor.

George Zolotar & Kiva Berke, of New York City, for Securities and Exchange Commission.

Lewis, Marks & Kanter, of Brooklyn, N. Y. (Lloyd B. Kanter, of Brooklyn, N. Y., of counsel), for Bondholders Protective Committee.

Percival E. Jackson and Theodore N. Tarlau, both of New York City, for John Vanneck et al.

Joseph R. Margulies, of New York City, for bondholders Ernestine Needles et al.

Newman & Bisco, of New York City (David Barnett, of New York City, of counsel), for Manufacturers Trust Co.

James F. Dealy, of New York City, for Amalgamated Properties, Inc.

Irving L. Schanzer, of New York City, for Prudence Realization Corporation.

Charles J. Buchner, of Brooklyn, N. Y., for Mary C. O'Neil.

Root, Clark, Buckner & Ballantine, of New York City (William P. Palmer, of New York City, of counsel), for Consolidated Realty Corporation.

E. T. Bernstein, of New York City, for creditors J. Goshen et al.

MOSCOWITZ, District Judge.

John Vanneck and other bondholders have made an application herein for an order enjoining and restraining the debtor and Consolidated Realty Corporation, the sole stockholder of the debtor, and the Manufacturers Trust Company, from circulating to the bondholders a printed booklet containing twenty pages called "Plan of Reorganization of Realty Associates Securities Corporation, Debtor, dated, November 30, 1944, proposed by Realty Associates Securities Corporation, Debtor, 162 Remsen Street, Brooklyn, 2, New York, and Consolidated Realty Corporation, a subsidiary of Reconstruction Finance Corporation, 70 Pine Street, 5, New York, Hooker, Alley & Duncan, Attorneys for Realty Associates Securities Corporation, Debtor, 50 Broadway, New York, 5, New York; Root, Clark, Buckner & Ballentine, Attorneys for Consolidated Realty Corporation, 31 Nassau Street, New York, 5, New York."

Together with this "Plan of Reorganization" is a proposed letter, dated November 30, 1944, reading as follows:

"November 30, 1944
"Messrs Hunter L. Delatour and Raymond Reisler,
"Trustees of Realty Associates Securities Corporation, Debtor,
"162 Remsen Street
"Brooklyn, 2, New York.
"Dear Sirs:
"The undersigned hereby proposes the annexed plan for the reorganization of Realty Associates Securities Corporation, Debtor, pursuant to Chapter X of the Bankruptcy Act [11 U.S.C.A. § 501 et seq.]. A summary of important provisions of the plan is set forth on the following page.

"The plan has been unanimously approved by the Debtor's Board of Directors which includes four members designated by the holders of the Debtor's outstanding bonds; it has also been unanimously approved by the Board of Directors of Reconstruction Finance Corporation's wholly-owned subsidiary, Consolidated Realty Corporation, which owns all the Debtor's capital stock and, through a subsidiary, $259,160 of the Debtor's bonds.

"Respectfully Submitted,
"Realty Associates Securities Corporation,
"Debtor,
"By: Frank Fox, President.
"Consolidated Realty Corporation,
"By: A. B. Jones,
"As President."

The motion also asks the following relief:

From circulating any other proposals for a plan of reorganization to and among the bondholders of the debtor.

Sections 167(6), 169, 173, 174, 175 and 176 of Chapter X are the sections which relate to a "Plan."

Section 169 provides, among other things, that the Judge shall fix a time within which the Trustees shall prepare and file a plan; and such time has been fixed.

The question for consideration is whether the debtor or its sole stockholder, or both, may send to the bondholders the printed document "Plan of Reorganization" with the accompanying letter dated November 30, 1944.

The Trustees have not as yet prepared and filed a plan. We are admonished by the Circuit Court of Appeals, Delatour v. Meredith, 2 Cir., 144 F.2d 594, at page 596:

"The courts fully recognized the legislative objective of free communication among security holders for purposes of organization and exchange of views."

And there, perhaps, could be added the free interchange of ideas among the debtor, the stockholders and creditors.

 If the Court had discretion it would grant this motion, as it is not thought desirable that such a communication as the "Plan of Reorganization" and the accompanying letter dated November 30, 1944, should be sent to bondholders, but that any communication of this character should await the filing of a plan by the trustees. However, I find nothing in the law which prohibits it.

The motion is denied; order to be settled on one day's notice.